UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-1155-JES-JEH |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter is now before the Court on a Report and Recommendation (Doc. 20) from Magistrate Judge Hawley recommending Plaintiff's Motion (Doc. 15) for Summary Judgment be denied and Defendant's Motion (Doc. 18) for Summary Judgment be granted. For the reasons set forth below, the Court adopts the Report and Recommendation (Doc. 20), denies Plaintiff's Motion (Doc. 15), and grants Defendant's Motion (Doc. 18).

## BACKGROUND

The facts of this case have been sufficiently detailed in the Magistrate Judge's Report and Recommendation (Doc. 20) and are recounted here in summary fashion. Plaintiff's applications for disability insurance benefits and supplemental security income, which alleged disability beginning on March 1, 2015, were denied initially and upon reconsideration. A hearing was held on December 21, 2017 before ALJ Luetkenhaus where Plaintiff and a vocational expert testified. Following the hearing, Plaintiff's DIB and SSI benefits were denied. Her request for review by the Appeals Council was likewise denied, and on May 3, 2019, Plaintiff timely filed this civil action seeking review of the ALJ's decision.

At the time of the hearing, Plaintiff was 50 years old and lived with her husband in an apartment. She claimed the following conditions limited her ability to work: depression; bipolar

disorder; irritable bowel syndrome (IBS); migraines; vertigo; seizures/epilepsy; loss of balance; memory loss; sensitivity to light; and kidney stones. AR 275. Tina testified she previously worked as a trainer and planner for disabled adults, as a referral specialist, a receptionist, and an optician, and she also worked in patient billing, insurance billing, and medical records.

The ALJ determined Tina had the following severe impairments: bipolar disorder; generalized anxiety disorder; IBS; and alcohol abuse. AR 24. Next, the ALJ found the following "paragraph B" criteria were present with respect to Plaintiff's mental health: moderate limitation in the broad functioning area of understanding, remembering, or applying information; moderate limitation in the area of interacting with others; moderate limitation in the area of concentrating, persisting, or maintaining pace; and mild limitation in the area of adapting or managing oneself. Thereafter, the ALJ made the following Residual Functional Capacity finding:

> [T]he claimant has the [RFC] to perform medium work as defined in 20 CFR404.1567(c) and 416.967(c) except she but [sic] can only frequently climb ramps and stairs, occasionally climb ladders, ropes and scaffolds, must avoid even moderate exposure to hazards such as moving machinery and unprotected heights, can perform only simple, routine and repetitive tasks and can make only simple work related decisions, and can only occasionally tolerate contact with coworkers, supervisors, and the general public.

AR 27.

The ALJ gave "no weight" to the May 2017 and October 2017 assessments provided by Advanced Practice Nurse Renae Milhoan, Tina's mental health provider, who endorsed extreme limitations in nearly all domains of functioning. AR 33. The ALJ gave "some weight" to the September 2017 opinion of Daniel Martin, M.D., who opined as to Tina's IBS and provided, among other things, that Tina was limited to standing four hours per day. Id. The ALJ gave "great weight" to the State Agency doctors' opinions "to the extent they found the claimant's impairments do not meet or equal a Listing and are not disabling."

2

#### STANDARD OF REVIEW

When reviewing a decision to deny benefits, the Court "will uphold the Commissioner's decision if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (internal quotations omitted). "When reviewing for substantial evidence, [the Court] do[es] not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Id.* If reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

#### DISCUSSION

Plaintiff makes three arguments in her Objection: (1) the magistrate judge did not address the treating psychiatrist's opinion component of the evidence; (2) time off task is not postural limitations; and (3) the omission of sleep patterns relate to concentration, persistence, or pace as well. Doc. 21. The Court addresses each argument below.

**(1) Treating Psychiatrist Opinion**

In her Objection, Plaintiff notes that she saw a psychiatrist and a psychiatry nurse practitioner who worked under the psychiatrist. According to Plaintiff, each of these physicians rendered an opinion regarding Plaintiff's condition, but the ALJ did not give any weight to the nurse practitioner's opinion in his decision and neither the Commissioner in its Response nor the Magistrate Judge in his Report and Recommendation[1] discussed the psychiatrist's opinion. Doc. 21, at 1. The ALJ's opinion stated:

---

[1] Plaintiff misrepresents the record. *See* Doc. 20, at 10 (discussion of the ALJ's discussion of Dr. Bitar's appointments with Plaintiff).

3

> With respect to the opinion evidence, the undersigned has considered the two Medical Source Statements completed by APN Milhoan, the claimant's mental health provider (Exhibits 15F and 19F). She endorses extreme limitations in nearly all domains, including the claimant's ability to understand and remember simple instructions, interact with others, maintain attention, and complete a normal workweek (Exhibit 15F, 19F). She also opined the claimant had four or more episodes of decompensation and would be off task more than 25% of the day (Exhibit 19F). The undersigned has given no weight to these assessments. This provided did not support these extreme limitations with citation to any objective medical findings including mental status examination findings. Further, her alleged extreme limitations are inconsistent with the claimant's actual activities; for example, she notes extreme limitation in the claimant's ability to interact with others, which is inconsistent with her ability to babysit her grandchildren twice a week for an extended period of time, and her ability to shop at the grocery store independently (Exhibit 6F, 25, Exhibit 21F, 51). As another example, she opines the claimant had four or more episodes of decompensation, yet treatment records do not show several hospitalizations/ER visits for mental symptoms, nor significant alterations in medications on at least four occasions.

AR at 32–33. Plaintiff states the ALJ is required to determine which treating and examining doctors' opinions should receive weight and must explain the reasons for that finding. She cites to a page in the administrative record where APN Milhoan signed the mental health assessment form and noted under her signature that Dr. Bitar collaborated with her. AR 1126. If the Court understands Plaintiff's poorly developed argument correctly, APN Milhoan's invocation of Dr. Bitar's name triggered some duty on the part of the ALJ to repeat his analysis of Milhoan's report using Bitar's name. As the Commissioner correctly points out, there was no error in attributing the report of APN Milhoan to be from APN Milhoan because the report was signed only by APN Milhoan. Doc. 22, at 2. Moreover, Plaintiff completely fails to explain the significance of this perceived error since the ALJ provided a reasonable basis for rejecting the extreme limits contained in Milhoan's report. *Id*. It is Plaintiff's burden to show harmful error, and she has failed to do so in her first objection. *Shinseki v. Sanders*, 129 S. Ct. 1696, 1706 (2009).

4

**(2) Time Off Task and Postural Limitations**

Second, Plaintiff notes the ALJ gave some weight to Plaintiff's treating specialist for irritable bowel syndrome but his decision does not specify how much weight was given to the specialist's opinion. According to Plaintiff, the Magistrate Judge's Report and Recommendation states Plaintiff's IBS was accounted for in postural limitations, but the specialist opinion was related to Plaintiff's time off task. Doc. 21, at 2. Plaintiff once again fails to explain to the Court the significance of this perceived error. To the extent Plaintiff is raising an argument rather than making an observation, her argument fails. The Court agrees with the Commissioner and the Magistrate Judge that the record did not adequately corroborate her need for time off task from job duties due to bathroom breaks and Dr. Martin did not limit Plaintiff to the extent she suggests. *See* Doc. 20 at 11–13. This objection fails.

**(3) Plaintiff's Remaining Objections**

Plaintiff's final objection states, in its entirety,

> The MJ's R&R at 22 states it was an ALJ omission that [Plaintiff's] sleep patterns were not delved into. But her sleeping about half of a 24-hour day goes more to concentration, persistence, or pace than simple, routine, repetitive work with simple work related decisions so it renders the MJ's R & R statement at 23 conclusory while at the same time indicating her daily activities limited by mental impairment were not completely addressed.

Doc. 21, at 2. The Court again concurs with the Commissioner that Plaintiff's third objection is so perfunctory and underdeveloped that it should be treated as waived. To the extent Plaintiff's third objection survives a finding of waiver, the Court concurs with the statements and conclusions set forth by the Commissioner in its Response. Doc. 22, at 5–6. Plaintiff's final objection fails.

## CONCLUSION

For the reasons set forth above, the Court adopts the Report and Recommendation (Doc. 20), denies Plaintiff's Motion (Doc. 15), and grants Defendant's Motion (Doc. 18). This matter is now terminated.

Signed on this 10th day of March, 2021.

s/ James E. Shadid<br>
James E. Shadid<br>
United States District Judge